WRIGHT, RECEIVER, ET AL. *v.* STATE, EX REL. SHOE-MAKER.

[No. 12,801. Filed November 23, 1927. Rehearing denied March 7, 1928.]

*Slaymaker, Turner, Merrell, Adams & Locke,* for appellants.

*Emsley W. Johnson* and *Chester L. Zechiel,* for appellee.

THOMPSON, C. J.—Appellee brought this action to recover on an indemnity bond executed by the Gale

Construction Company as principal, and by the Federal Surety Company as surety, covering a contract between the board of commissioners of Marion county and the Gale Construction Company. Under the contract, the Gale Construction Company agreed to construct certain buildings at the Marion County Tuberculosis Sanitarium, and the board of commissioners of Marion county agreed to pay said Gale Construction Company, in consideration therefor, the sum of $112,131. The bond, among other things, provided that said Gale Construction Company should promptly pay all debts incurred by said contractor, sub-contractor, agent or superintendent in the prosecution of said work, including labor and material.

There was an answer in general denial and plea of payment. The court, on request, made a special finding of facts and set out its conclusions of law thereon, each of which conclusions of law was excepted to by appellant.

There was a finding and judgment in favor of appellee in the sum of $3,945.64, and appellant's motion for a new trial was overruled. The action of the court in overruling the motion for new trial, and the court's alleged error in its conclusions of law are the errors assigned.

The parties stipulated and agreed that as a part of the evidence there should be considered as proof, the following: "That William A. Shoemaker is engaged in the business of selling brick, lime and clay products in the city of Indianapolis, and at all times mentioned in the complaint was engaged in such business under the name and style of Interstate Clay Products Company, and that prior to April 25, 1922, the said William A. Shoemaker filed an affidavit in the Clerk's office to the effect that he was doing business under the name and style of Interstate Clay Products Company; that the Gale Construction Company is in the hands of a receiver under order of court, and that Victor L. Wright was re-

ceiver for said company, and that consent was given to bring suit; that on April 5, 1922, the Gale Construction Company entered into a contract with the Board of Commissioners of Marion County, whereby in consideration of the payment of $112,131, the Gale Construction Company agreed to erect according to plans and specifications a building at Sunnyside, Oaklandon, Indiana; that at the time of the appointment of the receiver for the Gale Construction Company certain of the work had been done toward the construction of the building, and that plaintiff herein had furnished building material to the value of $32,158.51.

"That the receiver was appointed after the furnishing of the material; that the Gale Construction Company furnished to the Board of Commissioners at the time they entered into the contract, a certain bond signed by the Federal Surety Company, and it is agreed that a copy of the bond which is now filed as plaintiff's Exhibit A shall be considered a true copy of the original bond and evidence of the bond in suit."

The facts as found by the court are:   That William A. Shoemaker is and has been since the year 1919 engaged in the business of selling brick, lime and clay products under the name and style of "Interstate Clay Products Company," and that prior to the date of April 25, 1922, said company was authorized to do business in Indiana; that said Gale Construction Company is and has been since March, 1923, in the hands of Victor Wright, a receiver under the order of the Marion Superior Court, and that consent was given to the filing of this suit against said receiver; that on April 5, 1922, the Gale Construction Company entered into. a contract with the board of commissioners of Marion county whereby, in consideration of the payment of $112,131 the Gale Construction Company agreed to erect, according to plans and specifications, certain buildings for the

Marion County Tuberculosis Sanitarium, commonly known as "Sunnyside," located at Òaklandon, Indiana; That on April 5, 1922, there was furnished a bond covering said contract; that said bond was signed by the Gale Construction Company as principal and by the Federal Surety Company as surety, in the penal sum of $112,131; that said bond was conditioned, among other things, that the Gale Construction Company should pay promptly all debts incurred by said contractor, subcontractors, agent or superintendent in the prosecution of said work, including labor and material furnished; that during 1921, 1922 and 1923, the relator furnished to Gale Construction Company material for use in the construction of several buildings being erected by the Gale Construction Company under different contracts in and about the city of Indianapolis; that the relator kept two separate accounts with the Gale Construction Company, and all material furnished to the Gale Construction Company and used in the Sunnyside job was kept in one file and all material furnished said Gale Construction Company for other jobs was kept in another file; that all money paid by the Gale Construction Company was credited by the relator upon material furnished for the other jobs and no payments were made by the Gale Construction Company to the relator for which credit was given on the Sunnyside job; that the value of material furnished by the relator to the Gale Construction Company, and which was used upon the Sunnyside job, was $3,238.51, and the last material was furnished June 30, 1922; that the Gale Construction Company never made any request that payment should be made on any particular account or for any particular material, but the relator credited such payments upon other jobs than the Sunnyside job and so informed the Gale Construction Company, and the Gale Construction Company was at various times notified that all payments

were credited upon other jobs than the Sunnyside job, and the officers of the Gale Construction Company informed the relator from time to time that they were getting only small payments upon the Sunnyside job and could make no payments upon that account; that the payments made by the Gale Construction Company were entered upon the bank stub book of the relator in the order of the payment, but the Gale Construction Company was notified that the credit was upon other jobs than the Sunnyside job; that, at the time many of the payments by the Gale Construction Company to relator were made, it was too late to file mechanics' liens for material furnished upon other small jobs, and that such small jobs were too numerous to file liens upon all of them, and that relator lacked requisite information to file upon them, and that therefore the numerous small accounts other than that of the Sunnyside job were the most perilous; that there is due the relator on the Sunnyside job the sum of $3,238.51, together with six per cent. interest from June 30, 1922, and amounting to $707.13.

On the above finding of facts, the court stated its conclusions of law as follows: "That the defendants are indebted to the relator in the sum of $3,238.51, together with interest at the rate of six per cent. from June 30, 1922, for which the plaintiff is entitled to a judgment, and that judgment should be rendered in favor of the relator and against both defendants for said sum."

It is conceded by appellant and appellee that the only question to be determined is whether or not there is any evidence to sustain the facts as found by the court, upon which the court stated its conclusions of law. We have carefully read and considered all the evidence in the record, and we find that there is some evidence to sustain the findings and judgment. Aside from the stipulated facts admitted and agreed upon, William A. Shoe-

maker, who was examined and cross-examined in detail and whose testimony covered several pages of the record, testified that he had charge of appellee's affairs, and had kept the accounts of appellee, and that no payments had been credited to the Sunnyside account, and that was the principal point in issue.

There was no error in overruling the motion for a new trial.

· Affirmed.